UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                            :
MICHAEL MILLER FABRICS, LLC,
                                            :
            Plaintiff,
                                            :
      - against -
                                            :                    **OPINION AND ORDER**
STUDIO IMPORTS LTD., INC.,                                       12 CV 3858 (KMW) (JLC)
                                            :
            Defendant.
                                            :

------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Plaintiff, Michael Miller Fabrics LLC ("Michael Miller Fabrics"), moves for an

injunction restraining Defendant, Studio Imports Ltd., Inc. ("Studio Imports"), from further

prosecuting the declaratory judgment action filed by Studio Imports against Michael Miller

Fabrics in the United States District Court for the Southern District of Florida (the "Florida

Action"), *Studio Imports Ltd., Inc. v. Michael Miller Fabrics, LLC*, 12 CV 60884 (S.D. Fla.).

## BACKGROUND

      Michael Miller Fabrics is a limited liability company incorporated in New York, with its

principal place of business in New York City.  Michael Miller Fabrics develops and designs

collections of printed textiles for sale to manufacturers and retailers of clothing, accessories,

home furnishings, bedding, and other consumer goods.  To develop its collections, Michael

Miller Fabrics hires artists to design its fabrics and also purchases and licenses exclusive rights

in original patterns from independent designers.

Studio Imports is a limited liability company incorporated in Florida, with offices in Florida and in New York.  Studio Imports designs, manufactures, and distributes handbags, wallets, and other women's accessories.

Michael Miller Fabrics alleges that Studio Imports has manufactured and sold throughout the United States handbags and accessories bearing designs which infringe copyrights owned by Michael Miller Fabrics.  Upon discovering the alleged infringement, Michael Miller Fabrics sent Studio Imports a cease-and-desist letter on March 30, 2012.  The parties then engaged in settlement negotiations, and Michael Miller Fabrics sought documents from Studio Imports regarding the extent of the alleged infringement.

Studio Imports provided only some of the information requested, and when the remainder was not forthcoming, Michael Miller Fabrics threatened to initiate litigation.  An exchange of emails ensued, in which counsel for Studio Imports repeatedly delayed fulfillment of the document requests.  Counsel for Michael Miller Fabrics ultimately wrote to counsel for Studio Imports on Thursday, May 10, 2012, saying that "if we do not receive all of the information set forth in our cease and desist by tomorrow May 11, 2012, we are prepared to proceed to litigation."  Approximately two hours later, Studio Imports filed a two and one-half page complaint initiating the Florida Action.

Michael Miller Fabrics proceeded to file its complaint in the Southern District of New York two business days later, on May 15, 2012, alleging unfair competition, in violation of state common law, and copyright infringement, in violation of 17 U.S.C. §§ 101 *et. seq.*  Michael Miller Fabrics also requested an Order to Show Cause as to why an order should not be entered enjoining Studio Imports from further prosecuting the Florida Action, which this Court granted.  (Dkt. No. 4.)  After reviewing briefing from the parties and hearing oral argument, the Court now

2

considers whether an injunction restraining Studio Imports from prosecuting the Florida Action should issue.

## DISCUSSION

### I. Establishing Priority Among Multiple Suits

In *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978), the Second Circuit explained the settled rule that the first-filed suit should have priority, "absent the showing of [a] balance of convenience in favor of the second action . . . or unless there are special circumstances which justify giving priority to the second." *Id.* at 218 (internal quotations omitted); *accord City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991).

The presumption in favor of the first-filed suit, however, "is not to be applied in a 'rigid' or 'mechanical' way." *Dornoch Ltd. v. PBM Holdings, Inc.*, 666 F. Supp. 366, 369 (S.D.N.Y. 2009) (Rakoff, J.) (quoting *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 747 (S.D.N.Y. 1977) (Lasker, J)).  Indeed, "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2006).

### A. "Special Circumstances"

The "special circumstances" in which a district court may dismiss the first-filed case without conducting an analysis of the "balance of convenience" are rare.  *Emp'rs Ins. of Wausau v. Fox Entm't. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008).  One such special circumstance "exists where the first-filed lawsuit is an improper anticipatory declaratory judgment action." *Id.* Another special circumstance exists "where forum shopping alone motivated the choice of the situs for the first suit." *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969).

The plaintiff in the second-filed suit has the burden of establishing that special circumstances exist, so as to overcome the presumption in favor of the first-filed suit. *See Fox*, 522 F.3d at 275.

    1.  <u>Anticipatory Filing</u>

Whether a filing is anticipatory and overcomes the presumption in favor of the first-filed suit is highly fact-dependent. *Oleg Cassini, Inc. v. Serta, Inc.,* No. 11 CV 8751, 2012 WL 844284 at *4 (S.D.N.Y. Mar. 13, 2012) (Engelmayer, J.). "When the declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum." *Factors Etc.,* 579 F.2d at 219 (internal quotations omitted). Because a "federal declaratory judgment is not a prize to the winner of a race to the courthouses," *Perez v. Ledesma*, 401 U.S. 82, 119 n. 12 (1971) (Brennan J., dissenting), a plaintiff should not be permitted to file "a preemptive action in order to deprive the 'natural plaintiff' of its choice of forum," 17 *Moore's Federal Practice* § 111.13[1][c][i] (3d ed. 2007). Indeed, "[w]here a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit." *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995) (Baer, J.).

For a declaratory judgment action to be anticipatory, the action generally must have been "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Fox*, 522 F.3d at 276; *see also, AFA Dispensing Grp. B.V. v. Anheuser–Busch, Inc.*, 740 F. Supp. 2d 465, 470 (S.D.N.Y. 2010) (Marrero, J.) (anticipatory filing found where notice letter stated that defendant "has until 5PM EDT Friday July 16 to

4

unequivocally confirm its commitment to perform under our Agreement or it will face an

injunction motion"); *CGI Solutions, LLC v. Sailtime Licensing Grp., LLC,* No. 05 CV 4120,

2005 WL 3097533, at *3-4 (S.D.N.Y.  Nov. 17, 2005) (Batts, J.)  (although notice letter "did not

outright announce that it would be filing suit by a particular date," its statement that the party

"'may file a lawsuit seeking injunctive relief and civil damages'" "sufficiently notified Plaintiffs

of its resolve to sue"); *Chicago Ins. Co. v. Holzer*, No. 00 CV 1062, 2000 WL 777907, at *3

(S.D.N.Y. June 16, 2000) (Scheindlin, J.) (first-filed suit was an anticipatory filing when notice

letter stated a specific jurisdiction and gave a 48-hour deadline).

      Courts in this district have also held that "where the two actions were filed within a short

span of time, the court may afford a diminished degree of deference to the forum of the first

filing."  *Raytheon Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 306 F. Supp. 2d 346, 352-

54 (S.D.N.Y. 2004) (Scheindlin, J.); *see also JewelAmerica v. Frontstep Solutions Grp., Inc.*,

No. 02 CV 1328, 2002 WL 1349754, at *1 n. 1 (S.D.N.Y. June 20, 2002) (Owen, J.) ("The bulk

of the precedent in this circuit is that the first filed rule is usually disregarded where the

competing suits were filed only days apart."); *Mackey v. Durham*, No. 00 CV 4721, 2000 WL

1191105, at *2 (S.D.N.Y. Aug. 22, 2000) (Mukasey, J.) ("Courts in this district have shown little

regard to dates of filing when actions are brought within days of one another.") (internal

quotation marks omitted).  Similarly, the strength of the presumption in favor of the first-filed

suit "is diminished where there has been little progress in the first-filed action."  *Pippins v.

KPMG LLP*, No. 11 CV 377, 2011 WL 1143010, at *4 (S.D.N.Y. Mar. 21, 2011) (McMahon, J.).

      District courts have found that a declaratory action is *not* anticipatory where it is filed in

response to a letter that is indicative of negotiations, rather than an intent to bring suit.  *See e.g.

Oleg Cassini*, 2012 WL 844284 at *6 (finding action not anticipatory where subsequent

conversations suggested that "letters mentioning a possible lawsuit did not represent a concrete and imminent threat of litigation"); *Fandino v. Amalgam Entm't, LLC*, No. 09 CV 8325, 2010 WL 607819, at *3 (S.D.N.Y. Feb. 19, 2010) (Scheindlin, J.) (finding action not anticipatory where "letters mentioned the general possibility of future legal action," but "did not mention either a date or a forum" and included "merely general threats"); *J. Lyons & Co., Ltd. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 491 (S.D.N.Y. 1995) (Scheindlin, J.) (finding declaratory judgment action not anticipatory when the demand letter mentioned "the possibility of legal actions" without specifying date or forum); *Emp'rs Ins. of Wausau v. Prudential Ins. Co. of America*, 763 F.Supp. 46, 49 (S.D.N.Y. 1991) (finding declaratory judgment action not anticipatory when notice letter stated that the sender "hoped to avoid litigation").

     2.  Forum Shopping

Forum shopping also constitutes a special circumstance sufficient to give the later-filed suit priority. *Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986). In order for forum shopping to constitute a special circumstance, "the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or de minimis that a full 'balance of convenience' analysis would not be necessary to determine that the second forum is more appropriate than the first." *Fox*, 522 F.3d at 276.

    B.  Balance of Convenience

The balance of convenience is determined by weighing the same factors that are considered in connection with a motion to transfer venue. *Fox*, 522 F.3d at 275. A district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). When determining whether to transfer venue courts

commonly consider "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (Rakoff, J.); *see also N.Y. Marine & Gen. Ins. v. Lafarge N.A., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

## II.  <u>Application of the First-Filed Rule</u>

The parties in the Florida Action are the same as those in this action, and the claims in both cases arise out of identical facts.  The question before the Court, therefore, is whether Michael Miller Fabrics has established facts that justify a departure from the general presumption in favor of the first-filed suit.

Studio Imports argues that at the outset, the decision as to which case should proceed "is a decision that New York federal district courts have continuously unfailingly held is a decision to be made by the first-filed court."  (Def.'s Opp'n at 7).  Although one court has described the preference for a decision by the first-filed court as a "bright-line rule," *MSK Ins., Ltd. v. Emp'rs Reins. Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002) (Buchwald, J.), it is more accurately characterized as a sound guideline that courts may nevertheless decline to follow where the wise administration of justice so requires.  The core of the first-filed rule is the principle of sound judicial administration.  *See First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("The first to file rule embodies considerations of judicial administration and conservation of resources.").  "Wise judicial administration, giving regard to conservation of

judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems" as those created by the initiation of multiple parallel suits. *Kerotest Mfg. Co. v. C-O Two Fire Equip. Co.*, 342 U.S. 180, 183 (1951); *William Gluckin & Co.*, 407 F.2d at 179.  In some situations, the principle of sound judicial administration may dictate that the court adjudicating the second-filed action is the appropriate court to determine the proper forum.

For example, the Second Circuit in *William Gluckin & Co.* affirmed the district court's decision to enjoin further prosecution of a first-filed suit, where the decision was supported by the balance of convenience analysis.  407 F.2d at 180.  Indeed, courts in this district considering second-filed suits have previously determined which case should proceed.  *See e.g., Raytheon*, 306 F. Supp. 2d at 353 (finding that, although the first-filed court generally determines the appropriate venue, "where circumstances have warranted deviation, courts in this district have departed from the rule"); *Elbex Video, Ltd. v. Tecton, Ltd.*, No. 00 CV 0673, 2000 WL 1708189 (S.D.N.Y. Nov. 15, 2000) (McKenna, J.) (as the court adjudicating the second-filed suit, refusing to transfer or dismiss the second-filed complaint and ordering the litigation to proceed in the second-filed district); *Mass v. McClenahan*, No. 93 CV 3290, 1993 WL 267418, at *2 (S.D.N.Y. July 9, 1993) (Martin, J.) ("If plaintiff's [action] were the first-filed action, this Court could clearly stay proceedings in the Nevada action. . . .  That discretion should not be diminished because defendants filed a preemptive declaratory judgment action.").[1]

---

[1] The Court recognizes that allowing the court with jurisdiction over the first-filed suit to decide venue generally "helps assure against the risk of inconsistent results, and facilitates resolution by a single court."  *Oleg Cassini*, 2012 WL 844284 at *3 n.3; *see also Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961); *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, No. 11 CV 5453, 2011 WL 5245192, at *2 (S.D.N.Y. Nov. 2, 2011) (McMahon, J.); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001) (Swain, J.); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 557 n. 4  (S.D.N.Y. 2000) (Sweet, J.); *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n. 9 (S.D.N.Y. 1995) (Baer, J.); *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles Cnty.*, 542 F. Supp. 1317, 1320 (S.D.N.Y. 1982) (Edelstein, J.).  As discussed below, the Court nevertheless believes that the specific facts of this case justify a departure from this guideline.

There are two factors in this case that weigh heavily in favor of a decision being made by this Court, and not by the Florida court.  First, there has been no progress in the Florida Action. Although Studio Imports filed the complaint in the Southern District of Florida on May 11, 2012, it has not yet served the complaint on Michael Miller Fabrics.  No motions were filed in the Florida Action before this court temporarily enjoined further proceedings there.  In contrast, the venue issues have been fully briefed here and this Court has heard oral argument on the motion. Second, Michael Miller Fabrics, the plaintiff in the case before this Court, is the "natural plaintiff" in this copyright action, having initiated the contact with Studio Imports claiming copyright infringement.

A. <u>Special Circumstances</u>

Studio Imports argues that there are no special circumstances that merit a departure from the presumption in favor of the first-filed forum because its declaratory judgment action was not anticipatorily filed.  To support this argument, Studio Imports claims that at the time it filed its action in the Southern District of Florida, "there was no imminent threat of a lawsuit being filed by Michael Miller Fabrics."  (Def.'s Opp'n. at 2.)

The circumstances of the filing and the communications between the parties, however, demonstrate that the declaratory judgment action *was* anticipatorily filed in response to a notice letter from Michael Miller Fabrics.  At the end of the day on Friday, May 4, 2012, counsel for Studio Imports emailed counsel for Michael Miller Fabrics asking to be given until Monday to provide the requested information.  On Monday, May 7, 2012, counsel for Michael Miller Fabrics replied in full, "Kevin, Further to my voicemail, I appreciate that you're working on this, but, as I indicated in my voicemail, my client is ready to move forward [to litigation], and *my instructions are to file*.  Please let me know where we are."  (emphasis added) (Declaration of

Rachel Schwartz dated May 17, 2012 ("Schwartz Decl.") Ex. L at 3.)  Counsel for Studio Imports replied on Tuesday, May 8, 2012, indicating that the information would be forthcoming. On Thursday, May 10, 2012, counsel for Michael Miller Fabrics wrote counsel for Studio Imports: "Kevin, Further to my email of this afternoon.  Please be advised that *if we do not receive all of the information set forth in our cease and desist by tomorrow May 11, 2012, we are prepared to proceed to litigation*."  (emphasis added) (*Id*. at 2.)

A declaratory judgment action that is "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action" is considered anticipatory. *Fox*, 522 F.3d at 276.  The May 10, 2012 email from Michael Miller Fabrics set a clear deadline and warned of the subsequent legal action that would be taken if the deadline were not met.  The emails together express a notice of an intent to file suit.  Approximately two hours after this notice was communicated, Studio Imports filed a 12-paragraph complaint in which it alleged that it "does not believe that it has infringed upon any of Miller Fabrics' subject copyrights" and "demands judgment of no copyright infringement related to any copyrights of Miller Fabrics." (Schwartz Decl. Ex. N at 2-3.)  Taken together, the emails from Michael Miller Fabrics providing notice of an intent to file, the timing of Studio Imports' filing shortly after the notice was provided, and the brevity and lack of detail in the complaint together lead this Court to conclude that the declaratory judgment was anticipatorily filed.

In addition, where two actions are filed within a short span of time, as they were here, less deference may be afforded to the forum of the first filing.  *See Raytheon*, 306 F. Supp. 2d at 352-54.  The presumption in favor of the first-filed suit is also diminished where, as here, there have been only minimal proceedings in the first-filed action.  *Pippins*, 2011 WL 1143010 at *4.

In sum, the Court is convinced that Studio Imports' declaratory judgment action was an anticipatorily filed, preemptive action initiated in order to seize the forum most convenient to it. This anticipatory filing constitutes a special circumstance that overcomes the presumption in favor of the first-filed forum, because allowing anticipatory filers to secure the benefit of a chosen venue would discourage parties from attempting to resolve their disputes without resorting to litigation.

B.  Balance of Convenience

An analysis of the balance of convenience also leads to the conclusion that the Southern District of New York is the appropriate forum for this case.  With regard to the plaintiff's choice of forum, Michael Miller Fabrics is the "natural plaintiff" in this copyright infringement action, and it chose this forum.  With regard to the convenience of the witnesses, the majority of the witnesses are located in New York, which weighs in favor of this forum.[2]  With regard to the location of relevant documents and relative ease of access to sources of proof, the relevant documents do not seem to be that numerous and they appear to be equally divided between the two districts, making this factor neutral.  (*Id*. at 11:20-12:12, 14:3-13.)  With regard to the convenience of the parties, the principals of Michael Miller Fabrics reside in this district, which is the location of the corporation's only office; the principals of Studio Imports reside in Florida, where the corporation is located, but Studio Imports also has its only U.S. "sales center and showroom" in New York, and its principals travel to New York for business, which slightly favors New York as a forum.  With regard to the locus of operative facts, Michael Miller Fabrics

---

[2] At oral argument, Michael Miller Fabrics indicated that it expected to call as witnesses two officers of the corporation, who are both domiciled in this district, and seven designers, five of whom are located in this district and two of whom are located abroad.  (TRO Hr'g Tr. 9:4-10:14, 13:13-23 May 24, 2012.)  Studio Imports indicated that it expected to call two officers of the corporation, both of whom reside in Florida, but at least one of whom travels to this district in the course of his business.  (*Id*. at 10:15-13:12.)  Thus, of eleven possible witnesses, seven reside in this district, two in Florida, and two abroad.

signed its license agreements in New York and Studio Imports arranged for the manufacture of the allegedly infringing products in China, thus making New York the forum with a closer connection to the operative facts than Florida.  The availability of process, the relative means of the parties, and the forum's familiarity with the governing law all appear to be neutral in this analysis.  Finally, the interests of justice favor this district because the facts indicate that Studio Imports anticipatorily filed the declaratory judgment action in order to secure a more convenient forum for itself.  In sum, four of the factors are neutral and the remaining five factors favor this forum, all of which establish that the Southern District of New York is the more convenient forum for this litigation.

## CONCLUSION

The Court finds that further prosecution by Studio Imports of the Florida Action would cause immediate damage to Michael Miller Fabrics, would waste federal judicial resources, and would create the risk of irreparable harm in the event of the issuance of inconsistent decisions in this case and the Florida Action.  The Court also finds that Michael Miller Fabrics has raised serious questions going to the merits of its unfair competition and copyright violation action and that the balance of hardships tips decidedly in favor of Michael Miller Fabrics.

For the foregoing reasons, Michael Miller Fabrics' motion is GRANTED and this Court enjoins Studio Imports, its officers, agents, servants, employees, and attorneys, and all persons in active concert and participation with them who receive actual notice of this Order, from taking any steps to further prosecute the declaratory judgment action filed by Studio Imports against Michael Miller Fabrics in the Southern District of Florida, entitled *Studio Imports Ltd., Inc. v. Michael Miller Fabrics, LLC*, 12 CV 60884, pending the final determination of the present

action before this Court, or until further order of this Court.  Studio Imports is directed to file a notice of voluntary dismissal in the Florida Action.

No bond is required because there is no likelihood of harm to Studio Imports, and this injunction is issued to aid and preserve the Court's jurisdiction over the subject matter involved.


SO ORDERED.

DATED:      New York, New York
                  June 6, 2012


                                           _____
                                                KIMBA M. WOOD
                                            United States District Judge

13