UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                                        :

MICHAEL MILLER FABRICS, LLC,
                                                                        :

      Plaintiff,
                                                                         :

    - against -
                                                                         :             **OPINION AND ORDER**

STUDIO IMPORTS LTD., INC.,                      12 CV 3858 (KMW) (JLC)
                                                                         :

      Defendant.
                                                                         :
------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

## I. Background

Plaintiff Michael Miller Fabrics LLC ("Michael Miller Fabrics") brings this action for copyright infringement and unfair competition against Defendant Studio Imports Ltd., Inc. ("Studio Imports"). Michael Miller Fabrics alleges that Studio Imports has manufactured and sold throughout the United States handbags and accessories bearing designs which infringe copyrights owned by Michael Miller Fabrics.

On June 7, 2012, the Court granted Michael Miller Fabrics' motion to enjoin Studio Imports from taking any steps to further prosecute the declaratory judgment action filed by Studio Imports against Michael Miller Fabrics in the Southern District of Florida, entitled <u>Studio Imports Ltd., Inc. v. Michael Miller Fabrics, LLC</u> (No. 12-CV-60884), pending the final determination of the present action before this Court. (Dkt. No. 18.)

Defendant subsequently filed its first motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b), on June 21, 2012. (Dkt. No. 23.) In response, on July 18, 2012, Plaintiff filed an Amended Complaint. (Dkt. No. 29.) On July 31, Defendant filed a motion to dismiss the

Amended Complaint.  (Dkt. No. 32.)  In response, Plaintiff has both opposed Defendant's motion to dismiss on the merits and, in the alternative, requested leave to amend its complaint for a second time.  See Fed. R. Civ. P. 15(a).

For the reasons set forth below, the Court grants Plaintiff leave to amend its complaint, dismisses both pending motions to dismiss as moot, and grants Defendant leave to amend and re-file its motion to dismiss after Plaintiff has filed its second amended complaint.

**II. Discussions**

Michael Miller Fabrics has already amended its complaint once as of right.  Given that Studio Imports objects to Michael Miller Fabrics request to amend a second time, leave of the Court is required.  See Bay Harbour Mgmt., LLC v. Carothers, 474 F. Supp. 2d 501, 502-03 (S.D.N.Y. 2007) (Chin, J.) (citing Fed. R. Civ. P. 15(a)).  Rule 15(a) of the Federal Rules of Civil Procedure provides that, where leave of court is required for a party to amend its pleading, "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Supreme Court has held that courts should apply Rule 15's mandate as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Conley v. Gibson, 355 U.S. 41, 48 (1957).

In its motion to dismiss, Studio Imports argues that Michael Miller Fabrics failed to adequately allege "during what time [Studio Imports] infringed the copyrights." (Dkt. No. 33 at 3.) In response, Michael Miller Fabrics proposes amending its complaint to allege violations commencing at specific dates and continuing until Plaintiff's March 30, 2012 cease-and-desist letter. (Dkt. No. 35 at 8.) This amendment—assuming Michael Miller Fabric supplies a specific commencement date—appears to meet the basic pleading requirements. See, e.g., Elektra Entm't Group, Inc. v. Barker, 551 F. Supp. 2d 234, 239 (S.D.N.Y. 2008) (Karas, J.) ("An allegation of past and continuing infringement 'sufficiently puts defendant on notice as to which acts . . . form the basis of the Plaintiffs' claim.'"); Maverick Recording Co. v. Goldshteyn, 2006 WL 2166870, at *4 (E.D.N.Y. July 31, 2006) (No. 05-CV-4523) (Trager, J.) (same); Elektra Entm't Group, Inc. v. Santangelo, 2005 WL 3199841, at *3 (S.D.N.Y. Nov. 28, 2005) (No. 05-CV-2414) (McMahon, J.) (same); Home & Nature Inc. v. Sherman Specialty Co., Inc., 322 F. Supp. 2d 260, 266-67 (E.D.N.Y. 2004) (Spatt, J.) (same); Franklin Elec. Publishers, Inc. v. Unisonic Prod. Corp., 763 F. Supp. 1, 4 (S.D.N.Y. 1991) (Patterson, J.) (same).

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993); see also State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."). In determining what constitutes prejudice, courts consider whether the amended pleading would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." Block, 988

F.2d at 350. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id.

In this case, the Court concludes that Defendant will not be unduly prejudiced by granting Plaintiff leave to amend. Plaintiff does not seek to add a new claim to its complaint, but only to add more specific allegations regarding the timing of the alleged infringements. Such supplemental allegations will aid the court in assessing both the adequacy of the complaint and Defendant's remaining arguments in its motion to dismiss. Moreover, given that Defendant has not yet answered Plaintiff's complaint, the resulting delay is unlikely to be prejudicial. Given that there has been no showing of prejudice or bad faith, the Court will allow Michael Miller Fabrics to amend its pleadings.

### III. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff leave to file an amended complaint by October 10, 2012. The Court DENIES the pending motions to dismiss as moot (Dkt. Nos. 23 & 32), but GRANTS Defendant leave to amend and re-file the motions after Plaintiff has filed its amended complaint.

SO ORDERED.

DATED:   New York, New York

   October 1, 2012

_Kimba M. Wood_
KIMBA M. WOOD
United States District Judge

4